908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COMPANHIA BRASILEIRA de TRANSPORTE de GRANEIS, LTDA, Owner
of the M/V Ana Torrealba, Plaintiff-Appellee,
v.
NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellant.
COMPANHIA BRASILEIRA de TRANSPORTE de GRANEIS, LTDA, Owner
of the M/V Ana Torrealba, Plaintiff-Appellee,
v.
NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellant.
 No. 89-2131, 89-2141.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 6, 1990.
Decided: June 22, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (C/A No. 88-763-N).
 Daniel Reid Warman, Williams, Worrell, Kelly, Greer & Frank, P.C., Norfolk, Va., argued, for appellant; Heather A. Mullen, Williams, Worrell, Kelly, Greer & Frank, P.C., Norfolk, Va., on brief.
 Waverly Lee Berkley, III, Jett, Berkley, Furr & Padgett, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Companhia Brasileira de Transporte de Graneis, LTDA ("shipowner"), is a Brazilian corporation which owns the M/V ANA TORREALBA ("ship"). The ship was damaged when it collided with a coal loader owned by Norfolk and Western Railway Company ("N & W"), a Virginia corporation, at N & W's coal loading facility in Norfolk, Virginia. Companhia Brasileira filed an admiralty and maritime claim against N & W. The district court for the Eastern District of Virginia found that the damage occurred because N & W negligently commenced loading operations before the ship was sufficiently secured by the ship's lines and awarded $15,215.65 in damages to the shipowner. N & W appeals that order, arguing that the court erred in finding it negligent and by failing to apply the "moving vessel presumption" to this case. After reviewing the record and briefs and listening to oral argument, we find that the lower court's finding of negligence is not clearly erroneous and that the moving vessel presumption does not apply on these facts. We thus affirm the lower court order on the basis of the reasoning in the district court opinion. Companhia Brasileira v. Norfolk & Western, C/A No. 88-763-N (E.D.Va. June 19, 1989).
 
 AFFIRMED